## J. Rayner, a Corporation, v. John B. Rees and James Rees, Partners as Rees Brothers.

1. WARRANTY—*Implied—When it Does Not Exist.*—When goods are purchased upon inspection and selected by the vendee, there can be no implied warranty.

**Assumpsit,** for goods sold and delivered. In the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Trial by jury; verdict and judgment for plaintiff; appeal by plaintiff. Heard in this court at the March term, 1895. Reversed and remanded. Opinion filed April 4, 1895.

### STATEMENT OF THE CASE.

J. Rayner, a corporation, dealing in mahogany, rosewood, veneer and fancy cabinet woods, sold lumber and veneer, extending over a long period of time, to the Rees brothers, who were manufacturers.

The last sale to them by J. Rayner was made October 2, 1893; the last payment by Rees Brothers to J. Rayner was made by note, dated November 29, 1893, leaving a balance due J. Rayner of two hundred and thirty-seven dollars and six cents ($237.06), which the Rees Brothers refused to pay, claiming that a portion of a certain log of mahogany lumber, delivered July 15, 1893, was defective; and also claiming an overcharge of one cent a foot on certain bills of one quarter inch mahogany.

J. Rayner filed a declaration in assumpsit, with common counts, to which defendants pleaded the general issue.

The trial resulted in a verdict for the plaintiff, J. Rayner, for $117.50, on which verdict the court, after overruling a motion for a new trial on behalf of the plaintiff, entered judgment.

Appellant has brought the record into this court and asks for a reversal of that judgment for the reasons set forth in the assignment of errors.

JOHN J. KEILY, attorney for appellant.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Under the evidence in this case the defendant was not entitled to any deduction from the purchase price of the lumber because of defects therein. There was no express warranty of quality; the lumber was selected by the defendant and purchased upon inspection; in such case there is no implied warranty. Luetgert v. Volker, 54 Ill. App. 287.

There is a dispute among the witnesses as to whether the defendant should have been charged for the quarter inch mahogany, eight or nine cents a foot. Giving to the defendant the benefit of this and the verdict will remain clearly too small by a substantial sum.

The judgment is therefore reversed and the cause remanded.